UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
HECTOR IGNACIO GOMEZ-VARGAS,              :
                                          :
                              Petitioner, :
                                          :   07 CIV. 1864 HB
            -against-                     :
                                          :   OPINION & ORDER
UNITED STATES OF AMERICA                  :
                                          :
                              Respondent. :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., United States District Judge**[*]**:**

On March 22, 2007, Petitioner Hector Ignacio Gomez-Vargas ("Petitioner") petitioned this Court, pursuant to 28 U.S.C. § 2255,[1] to vacate, set aside, or correct his sentence. Petitioner claims that his sentence is invalid because the applicable United States Guidelines range calculated during his sentencing was erroneously overstated by two offense levels. For the reasons set forth below, the petition is dismissed for lack of jurisdiction.

### I.   BACKGROUND

On July 31, 2006, Petitioner, pursuant to a plea agreement, pled guilty to one count of conspiracy to launder proceeds of narcotics trafficking, in violation of 18 U.S.C. § 1956(h).[2] *U.S. v. Otalvaro-Ortiz, et al.*, No. 04 Cr. 345 (HB) (S.D.N.Y. Aug. 1, 2006). Petitioner was sentenced on August 1, 2006 to a term of forty-seven months' imprisonment and two years of

---

[*] Antonio Reyes, a Fall 2008 and Spring 2009 intern in my Chambers and a second-year law student at the Benjamin N. Cardozo School of Law, provided substantial assistance in the research and drafting of this opinion.

[1] 28 U.S.C.§ 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

[2] The count of the indictment to which Petitioner pled guilty specifically alleged a conspiracy to launder the proceeds of narcotics trafficking in violation of 18 U.S.C. § 1956(h). During his allocution, Petitioner stated that initially he had not been aware that his business transactions in Colombia were the result of drug trafficking, and that he only "suspected that they were the result of drug trafficking." However, he did allocate to the fact that there came a point in time when he had a belief that the purpose of the activity in which he had agreed to engage was related to the concealment of illegal activity, and that he agreed or continued to agree to participate in the currency exchange transactions. The judgment this Court entered against Petitioner likewise adjudged him guilty of one count of conspiracy to launder proceeds of narcotics trafficking.

1

supervised release. Petitioner was, however, given credit for time that he served while incarcerated in a Colombian prison as a result actions initiated by the United States.  *Id.*

In November 2006, five of Petitioner's co-defendants moved, under 28 U.S.C. § 2255, to vacate and correct their sentences.  This Court granted the motions to vacate on the grounds that the Sentencing Guidelines range contained in the co-defendants' respective plea agreements were erroneously overstated by two offense levels.  Petitioner's co-defendants were subsequently re-sentenced pursuant to the proper Sentencing Guidelines range.  After Petitioner became aware of the reductions in his co-defendants' sentences, he filed the instant petition, under § 2255, arguing that his sentence was likewise premised on an incorrect calculation under the Sentencing Guidelines.  On October 1, 2007, approximately six months after he filed the instant petition, Petitioner was released from federal prison and has apparently been deported back to Colombia.

## II.    LEGAL STANDARD

The court will grant a petition for *habeas corpus* under 28 U.S.C. § 2255, only if (1) the Petitioner's sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; or (3) the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.  *See Woodard v. United States*, No. 04 Civ. 9695, 2005 U.S. Dist. LEXIS 26802, at *6 (S.D.N.Y. Nov. 8, 2005) (citing *Johnson v. United States*, 313 F.3d 815, 817 (2d Cir. 2002)); *see also United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) ("[A] collateral attack on a final judgment in a federal criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice'") (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).  Section 2255 further provides that, if any of these enumerated grounds is present, "the court shall vacate and set the judgment aside and shall discharge the prisoner or re-sentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.*

## III.    DISCUSSION

As noted above, in his motion for relief under §2255, Petitioner challenges only his sentence, and not the conviction itself.  The Government's principal argument in response is that, because Petitioner has been released from prison, his petition is moot.

2

A case is rendered "[m]oot when it no longer satisfies the 'case-or-controversy' requirement of Article III, Section 2 of the Constitution." *United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999) (citing *Spencer v. Kemna,* 523 U.S. 1, 7 (1998)).  To satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury, which is likely to be redressed by a favorable judicial decision.  *Id.*  "[I]f an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, [the court] . . . must dismiss the case." *United States v. Blackburn,* 461 F.3d 259, 261 (2d Cir. 2006).

The United States Supreme Court has acknowledged that a petition for *habeas corpus* relief does not necessarily become moot when the convict is released from prison; instead, the case will remain a live case or controversy if there remains "some concrete and continuing injury" or "collateral consequence" resulting from the conviction.  *Spencer*, 523 U.S. at 7.  In cases in which a *habeas* petitioner challenges the basis for the conviction itself, the Supreme Court "has been willing to *presume* the existence of collateral consequences sufficient to satisfy the case or controversy requirement; or in a practice that it views as 'effectively the same,' the Court has been willing to 'count collateral consequences that are remote and unlikely to occur.'"  *United States v. Probber*, 170 F.3d 345, 348 (2d Cir. 1999) (emphasis in original) (quoting *Spencer*, 523 U.S. at 8).  This presumption of collateral consequences has been justified on the theory that most criminal convictions actually do entail adverse collateral legal consequences, including civil disabilities such as being barred from holding certain offices, voting in state elections, and serving on a jury.  *Mercurris*, 192 F.3d at 293.

Here, in addressing Petitioner's challenge solely to the length of his sentence, the Court is foreclosed from presuming such collateral consequences.  *See, e.g.*, *Smith v. United States*, No. 05-CV-1243 (NGG), 2008 WL 2795929, at *2 (E.D.N.Y. July 18, 2008).  That is, collateral consequences that may be presumed when a conviction is challenged may not be presumed where a petitioner challenges the length of his sentence, which has already been served, because comparable civil disabilities generally do not arise from the length of a sentence.  *Mercurris*, 192 F.3d at 293-94.  Petitioner's challenge to the length of his completed sentence will therefore only satisfy the constitutional case-or-controversy requirement if Petitioner can demonstrate that prevailing on his motion will relieve him "of some concrete and identifiable collateral effect of that sentence."  *United States v. Hamdi*, 432 F.3d 115, 118 (2d

Cir. 2005); *see also Mercurris*, 192 F.3d at 294.  Here, Petitioner has made no such showing, and a review of the record reveals none.

This Court finds that Petitioner's § 2255 motion was rendered moot upon his release from federal prison on October 1, 2007.  First, based on the fact that an immigration detainer was lodged against Petitioner in connection with his extradition from Colombia to the United States, the Government represents that it is its understanding that Petitioner has been deported to his home country of Colombia following his release.  Therefore, there is no indication that Petitioner will legally return to the United States to serve the remainder of his supervised release, and thus Petitioner is unlikely ever to experience any collateral consequences of his conviction.  *See Mercurris*, 192 F.3d at 479 ("Thus, since Mercurris has only a quixotic chance of legally returning to the United states, the possibility that his aggravated felon status could make a difference to him under the immigration statutes is too speculative to create an Article III case or controversy.").  Petitioner here was convicted of an offense relating to controlled substances, and he is therefore inadmissible to the United States under 8 U.S.C. § 1182(a)(2)(A)(i)(II).  Thus, Petitioner, like the appellant in *Mercurris*, is highly unlikely to return legally to the United States to complete his supervised release term.  *See also Perez v. Greiner*, 296 F.3d 123 (2d Cir. 2002) (finding *habeas* petition moot where petitioner was inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II) due to a prior conviction for attempted criminal sale of a controlled substance and thus was permanently barred from entering the United States; thus, his conviction could not serve as a possible collateral consequence and his petition for a reduction in the term of an already-served sentence was moot).  Thus, the instant petition presents no live "Case" or "Controversy" to be resolved by the Court, and must be dismissed as moot.

Furthermore, even if the instant petition were to be interpreted to challenge the length of Petitioner's supervised release in addition to imprisonment, that challenge likewise is moot. Petitioner was sentenced to the statutory minimum of two years of supervised release based on his conviction for conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h); thus, even if the Court were to re-sentence Petitioner, it would be unable to impose a lesser term of supervised release than that already imposed.  *See United States v. Williams*, 475 F.3d 468, 479 (2d Cir. 2007) (finding that petitioner's appeal was rendered moot upon his release because even if the case were remanded, there was no possibility that the district court could impose a reduced term of supervised release, as he had initially been sentenced to the statutory minimum supervised release).

4

## IV. CONCLUSION

For the foregoing reasons, Petitioner Gomez-Vargas' motion is dismissed for lack of jurisdiction. The Clerk of this Court is instructed to close this case and remove it from my docket.

**IT IS SO ORDERED.**
New York, New York
April 15, 2009

_____
U.S.D.J.